1
2
3
4
5
6
7
8
9
10
11
12
13

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

14 UNITED STATES OF AMERICA,

15                           Plaintiff-Respondent,

16        v.

17 EVERARDO RODRIGUEZ-BARRERA,

18                           Defendant-Movant.

19

Case No. 12cv00760 BTM; 10cr04190

**ORDER RE MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

20

21        Defendant has filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or

22 correct his sentence.  For the reasons below, the Court **DENIES** Defendant's motion and

23 **DENIES** a Certificate of Appealability.

24

25                                I.  BACKGROUND

26        On December 14, 2010, Defendant entered a plea of guilty to a single-count

27 indictment charging him with attempted illegal entry by an alien into the United States after

28 deportation and removal in violation of 8 U.S.C. § 1326.

1      There was no plea agreement reached with the government in this case.

2      On March 18, 2011, Defendant was sentenced to a 77-month term of imprisonment,

3 3 years of supervised release, and an assessment of $100.  Judgment was entered on

4 March 23, 2011.

5      On March 24, 2011, Defendant filed a notice of appeal, and on October 18, 2011, the

6 Ninth Circuit summarily affirmed this Court's judgment, stating that "[t]he United States

7 Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998),

8 which permits enhancement based on the existence of a prior felony, remains binding on this

9 court until the Supreme Court expressly overrules it."  (ECF No. 26.)[1]  Defendant then filed

10 a petition for a writ of certiorari to the U.S. Supreme Court regarding whether

11 Almendarez-Torres should be overruled (see Def. § 2255 Mot., ECF No. 28, at 3), which was

12 denied on February 21, 2012.  (See United States Ex. K, ECF No. 31-11.)

13

14                **II.  DISCUSSION**

15      On March 28, 2012, Defendant filed a motion to vacate, set aside, or correct his

16 sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 28.)  Under § 2255, a prisoner may move

17 to vacate, set aside, or correct his sentence on the ground that "the sentence was imposed

18 in violation of the Constitution or laws of the United States, or that the court was without

19 jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

20 authorized by law, or is otherwise subject to collateral attack."

21      Here, Defendant claims that his sentence was based on incorrect information

22 regarding a 1994 case ("1994 case"), a subsequent deportation without due process in 1997

23 ("1997 deportation"), and ineffective assistance of counsel.

24      Guilty pleas must be "voluntary... knowing, intelligent acts done with sufficient

25 awareness of the relevant circumstances and likely consequences." Brady v. United States,

26 397 U.S. 742, 748 (1970).  In his § 2255 motion, Defendant claims that his guilty plea was

27 not voluntary or intelligent because "[he] was not advised that [he] could receive [a] 16-Level

28

---

[1]All ECF references are to the criminal docket, Case No. 12-cr-0419.

12cv00760 BTM; 10cr04190

enhancement for a 1994 Case that [he] was never Convited *[sic]* of." (ECF No. 28 at 10.)
He also alleges that his deportation in 1997 was done "without no Judicial Review and Due
Process" based on the 1994 case, which he claims resulted in dismissal, not conviction. (Id.
at 5.)

In addition, Defendant claims that he was denied effective assistance of counsel[2]
because: (1) counsel allowed him to plead guilty to an aggravated felony that was not in the
indictment and which he did not agree that he had committed; (2) counsel did not advise him
that he could receive a sentence enhancement for "a 1994 case that was Dismissed and a
2008 case" for which he never appeared before a judge; and (3) counsel allowed him to
plead to and receive a sentence of over two years "knowing that the sentence  rendered *[sic]*
automatically a 16 point Enhancement." (Id. at 11.) He also alleged ineffective assistance
of counsel on appeal. (Id. at 12.)

**A.  The 1994 Case**

In 1994, Defendant was arrested for possession for sale of a controlled substance,
namely cocaine.   The Presentence Report ("PSR") indicates that he was arrested on
December 1, 1994 and charged with two counts of possession for sale of a controlled
substance. (See Ex. A (PSR) at 3.) He was convicted on one count on February 14, 1995,
and was sentenced to 36 months of probation and 180 days in jail. (Id.) His probation was
revoked on October 24, 1995, and he was sentenced to three years imprisonment. (Id.) He
was then deported upon release on May 14, 1997, which deportation was reinstated on
December 11, 2008. (Id. at 3-5.)

But according to Defendant, he was never convicted.  He contends that the 1994 case
was dismissed for insufficient evidence. (See ECF No. 35 at 2.)

As confirmation of the conviction, the government has furnished the Court with the
abstract of judgment from the 1994 case, which indicates that Defendant was convicted on

---

[2]Defendant's initial defense counsel was Sarah Gorman of Federal Defenders.  At his
arraignment, Siri Shetty was appointed to represent him.  Ms. Shetty also represented
Defendant on appeal to the Ninth Circuit and to the Supreme Court.

1  February 14, 1995, of possession for sale of cocaine in 1994.  (See Government Ex. B.)

2  The Ninth Circuit has held that an abstract of judgment is itself sufficient to prove a prior

3  conviction.  See Garcia v. Holder, 418 F. App'x 669, 670 (9th Cir. 2011).  The abstract of

4  judgment for the 1994 case is attached to this order.

5       Moreover, the conviction is listed on page 3, line 6 of the PSR, and the Court

6  specifically asked Defendant – not just his defense counsel, but Defendant himself –

7  whether there were any mistakes in the PSR.  The Defendant said no.  After defense

8  counsel told the Court that she had gone over the PSR with Defendant and did not find any

9  mistakes in it, the Court asked, "Mr. Rodriguez, did you find any mistakes in [the PSR]?"

10  Defendant replied: "No." (See Government Ex. J (Transcript of Sentencing Hearing) at 10:15

11  - 11:3.)

12       United States v. Keller, 902 F.2d 1391 (9th Cir. 1990) is instructive in this regard.  In

13  Keller, the defendant argued in his § 2255 motion that the parole factor score in the PSR

14  was inaccurate.  Id. at 1393.  However, at the time of sentencing, neither the defendant's

15  counsel nor the defendant himself raised any objections to the PSR, and the defendant had

16  not otherwise raised the issue prior to filing his § 2255 motion.  Id.  Therefore, the Ninth

17  Circuit concluded that the defendant had waived his right to attack the PSR through a § 2255

18  motion.  Id.  Similarly, in this case, Defendant did not raise any objections to the PSR at

19  sentencing or on appeal, and has therefore waived his right to attack it.  Notwithstanding any

20  waiver, the record reveals that the defendant was in fact convicted of possession of a

21  controlled substance for sale in 1995.

22       Defendant also argues that the conviction was improperly considered because it was

23  16 years old, but as the PSR reveals, Defendant's incarceration for this conviction continued

24  to May 14, 1997 (Ex. A at 3).  It was therefore eligible for consideration within the 15-year

25  window established by the Sentencing Guidelines, since the instant offense was committed

26  on August 18, 2010 (Ex. A at 1).  See United States Sentencing Guidelines Manual

27  ("U.S.S.G.") § 4A1.2(e) & (k)(2).  Moreover, a conviction can qualify for an enhancement

28  under U.S.S.G. § 2L1.2(b)(1) even if it did not score for purposes of a defendant's criminal

1  history category.   U.S.S.G. § 2L1.2(b)(1), Application Note 1(C).   Finally, a downward

2  variance from the 16-level increase would not have been appropriate under the Ninth

3  Circuit's decision in United States v. Amezcua-Vasquez, 567 F.3d 1050 (9th Cir. 2009).  The

4  defendant committed and was convicted for four more drug felonies after the 1995

5  conviction.  See Amezcua-Vasquez at 1055-56; Ex. A (PSR) at 4-6.

6

7  **B. The 1997 Deportation**

8       Defendant was deported pursuant to an order of removal in 1997.  He now alleges

9  that he was deprived of due process in the 1997 removal proceedings.  However, "[t]he

10  focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea,

11  not the existence as such of an antecedent constitutional infirmity."  Tollett v. Henderson,

12  411 U.S. 258, 266 (1973).  As the Supreme Court has recognized:

13          [A] guilty plea represents a break in the chain of events which
           has preceded it in the criminal process. When a criminal
14          defendant has solemnly admitted in open court that he is in fact
           guilty of the offense with which he is charged, he may not
15          thereafter raise independent claims relating to the deprivation of
           constitutional rights that occurred prior to the entry of the guilty
16          plea. ***He may only attack the voluntary and intelligent
           character of the guilty plea***... .

17

18  Id. at 267 (emphasis added).  At the sentencing hearing, the Court advised the Defendant

19  that the 2008 reinstatement of the removal order "could result in enhancing your sentence,"

20  Government Ex. J at 5:14-15, and further noted that "[i]f you plead guilty, the Court could

21  sentence you up to 20 years in jail..."  (Id. at 8:14-15).  After explaining this and asking

22  multiple times if Defendant understood, to which he said yes (id. at 5:22-23 and 9:7-8), the

23  Court then asked, "With all this in mind do you still wish to plead guilty?"   Defendant

24  answered, "Yes."  (Id. at 9:21-23.)  At no time did Defendant raise the issue of due process

25  violations in the 1997 deportation.  Because the Court ensured that Defendant was made

26  aware of the possibility of the enhancement of his sentence up to 20 years in prison based

27  on the 2008 reinstatement of the 1997 removal order, any alleged due process violations in

28  the 1997 deportation proceedings did not affect the "voluntary and intelligent character" of

1    his guilty plea.  Therefore, the Court rejects any claims based on such violations.

2

3    **C. Ineffective Assistance of Counsel**

4        Defendant has also alleged ineffective assistance of counsel.  A defendant seeking

5    to challenge the validity of their guilty pleas on the ground of ineffective assistance of

6    counsel must demonstrate that his counsel's performance was deficient and that this

7    deficient performance prejudiced him.  In order to establish prejudice, Defendant "must show

8    that there is a reasonable probability that, but for counsel's unprofessional errors, the result

9    of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694

10   (1984). "A reasonable probability is a probability sufficient to undermine confidence in the

11   outcome." Id.  However, there is a "strong presumption that counsel's conduct falls within

12   a wide range of acceptable professional assistance." Id. at 689.

13       Defendant claims that defense counsel did not advise him of the fast-track offer by

14   the Government and otherwise failed to enable Defendant to take advantage of the fast-track

15   program.[3]  However, in Defendant's affidavit in support of his § 2255 motion, he states that

16   Ms. Gorman visited him "wanting [him] to sign to 47-57 Months...". (See ECF No. 28,

17   Attachment #2.)  In the fast-track letter, the Government offered an offense level of 19 (see

18   Government Ex. F), which would have been 63-78 months with Defendant's Criminal History

19   Category of VI, substantially longer than the offer that Ms. Gorman discussed with Defendant

20   and that he ultimately rejected.  Thus, Defendant cannot show prejudice even if his counsel

21   did fail to communicate the fast-track offer, because he refused a more advantageous offer.

22       Defendant also alleges that defense counsel was ineffective for: (1) not objecting to

23   use of the 1994 case as the basis for the 16-level enhancement; (2) allowing Defendant to

24   plead guilty to a charge not in the indictment; (3) not investigating the facts of the 2008 order

25   of removal; and (4) not filing a motion to dismiss the indictment on the grounds that the 2008

26   removal order was invalid (due, presumably, to the alleged dismissal of the 1994 case).

27   _____

28            [3]Defendant also alleges that defense counsel did not inform him that he could receive
     a one-level reduction for waiver of the indictment, which the Court considers to fall within his
     other claims of not being made aware by defense counsel of potential sentence reductions.

With regard to pleading guilty to a charge not in the indictment, § 1326(b) is a penalty provision only, so the Government need not include the prior conviction in the indictment. Almendarez-Torres v. United States, 523 U.S. 224, 228-247 (1998).  As to the other grounds, because Defendant was properly convicted in the 1994 case, they are without merit.  The defendant alleges no facts that show that his 1997 deportation and reinstatement in 2008 violated due process.   As with prosecutions under § 1326, a sentencing enhancement under U.S.S.G. § 2L1.2(b) must be based on a valid removal order.  See United States v. Rodriguez-Ocampo, 664 F.3d 1275, 1278 (9th Cir. 2011).  To collaterally attack the validity of a removal order, a defendant must show that: (1) his due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects.  United States v. Garcia-Martinez, 228 F.3d 956, 960 (9th Cir. 2000).  The defendant contends that he was not advised of his right to appeal and that the proceedings were not translated to him.  But given his conviction for an aggravated felony in 1995, he has not shown any plausible grounds for discretionary relief and therefore, has shown no prejudice.  See United States v. Garcia-Martinez, 228 F.3d 956, 963 (9th Cir. 2000) (to collaterally challenge the underlying deportation proceeding, a defendant must show prejudice by demonstrating plausible grounds for relief from deportation).  Therefore, there was no ineffective assistance of counsel for failing to attack the underlying deportation proceedings.

Finally, Defendant alleges ineffective assistance of counsel on appeal for: (1) not translating the appeal brief from English to Spanish; (2) failing to a file a "proper Anders brief"; (3) failing to advise Defendant of his rights concerning appeal in English or in Spanish; (4) failing to raise ineffective assistance of defense counsel; (5) prejudicing any grounds not raised on appeal because of counsel's failure to file a non-frivolous appeal; and (6) not discussing the merits of appeal in Spanish "even though [Defendant] had plead *[sic]* guilty." (See ECF No. 28 at 12.)

The Court finds most of these claims to be conclusory, which is to say that Defendant has not alleged sufficient facts to show why they prejudiced him.  As to whether counsel

failed to raise grounds on appeal, "[c]ounsel need not appeal every possible question of law at the risk of being found to be ineffective," <u>Gustave v. United States</u>, 627 F.2d 901, 906 (9th Cir. 1980), and under <u>Strickland</u>, counsel is strongly presumed to fall within a wide range of acceptable professional assistance. 466 U.S. at 689. In a similar vein, because Defendant has not shown that either of his defense counsel were ineffective, his counsel on appeal was not ineffective for failing to raise this issue. <u>See</u> <u>Featherstone v. Estelle</u>, 948 F.2d 1497, 1507 (9th Cir. 1991) (where defense counsel's performance did not fall below <u>Strickland</u> standard, appellate counsel was not ineffective for failing to raise the issue on appeal).

**D. Miscellaneous Grounds for Relief**

Defendant also alleges a variety of miscellaneous grounds for relief, including, *inter alia*, that Defendant was inappropriately given a 16-level enhancement and 3 criminal history points for the same offense, that the interpreter was not sworn in at the sentencing hearing, and that the Court at one point mistakenly referred to the indictment as an information. (<u>See</u> ECF No. 28 at 6.)

With regard to Defendant's allegation of "double counting," the Sentencing Guidelines explicitly instructs that a drug trafficking conviction in fact *should* be used for a 16-point enhancement if it has received criminal history points. <u>See</u> U.S.S.G. § 2L1.2(b)(1)(A) (instructing to "increase by 16 levels if the conviction receives criminal history points..." (emphasis omitted)).

As to the interpreters not being sworn in at the plea colloquy and sentencing, the Court takes judicial notice of the fact that interpreters in this district take an oath to "truly and faithfully" perform all the duties of their office. However, it is unclear whether this is sufficient under Federal Rule of Evidence 604, which requires interpreters to "give an oath or affirmation to make a true translation." However, the Ninth Circuit has made clear that court interpreters are presumed to be translating faithfully and accurately "[i]n the absence of special circumstances," even where there is a possibility that the interpreters did not take the

requisite oath.  See United States v. Solorio, 669 F.3d 943, 950-51 (9th Cir. 2012), cert. denied, 133 S. Ct. 109 (2012).  As in Solorio, Defendant here "does not challenge the accuracy of the translations by identifying potentially material mistakes or irregularities in the interpretation... [or] claim that either interpreter engaged in unlawful conduct."  Id. at 951. He merely alleges that the interpreters were not sworn in.  Therefore, because Defendant has not shown any prejudice resulting from the alleged failure to swear in the interpreters, it does not constitute error warranting reversal.  See id. at 951.

Finally, Defendant has alleged no prejudice resulting from the Court referring to the indictment as an information.  Therefore, the Court denies relief on all of the above grounds.

### III.  CONCLUSION

For the reasons above, the Court **DENIES** Defendant's motion to vacate, set aside, or correct his sentence, and **DENIES** a Certificate of Appealability.  The motion to expedite the Court's ruling (ECF No. 37) is **DENIED** as moot.

**IT IS SO ORDERED.**

DATED:  February 13, 2013

BARRY TED MOSKOWITZ, Chief Judge
United States District Court

9

12cv00760 BTM; 10cr04190